ELECTRONICALLY FILED - 2017 Oct 09 11:00 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

STATE OF SOUTH CAROLINA             IN THE COURT OF COMMON PLEAS
COUNTY OF GREENVILLE               FOR THE THIRTEENTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| Johnny Eugene Tyner, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| vs. | ) | |
| | ) | |
| | ) | |
| Greenville County; Officer Jim | ) | |
| Leathers in his individual capacity and | ) | |
| in his capacity as a Greenville County | ) | |
| Sheriff's Deputy; Officer David Autrey in | ) | |
| his individual capacity and in his capacity | ) | |
| as a Greenville County Sheriff's Deputy; | ) | |
| and The Greenville County Sheriff's | ) | |
| Department. | ) | |
| | | |
| Defendants. | | |

**TO THE DEFENDANT ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED AND REQUIRED** to respond to the **COMPLAINT** filed in the above action, a copy of which is herewith served upon you, and to serve a copy of your response upon the subscriber at his office located at 1011 E. Washington Street, Greenville, SC 29601, within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to appropriately respond hereto within that time period, the Plaintiff herein will apply to the Court for the relief demanded in the attached **COMPLAINT** and a Judgment by Default will be rendered against you for the relief demanded in the attached

Respectfully Submitted this             **TRULUCK THOMASON, LLC**
9th day of October, 2017

                                         s/Devon M. Puriefoy
                                         Devon Puriefoy
                                         Bar No.: 102097
                                   Truluck Thomason, LLC
                                   1011 E. Washington Street
                                     Greenville, SC 29601
                             Phone and Fax: (864) 331-1751
                                       *Attorney for Plaintiff*

ELECTRONICALLY FILED - 2017 Oct 09 11:00 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

STATE OF SOUTH CAROLINA
COUNTY OF GREENVILLE

IN THE COURT OF COMMON PLEAS
FOR THE THIRTEENTH JUDICIAL CIRCUIT

Johnny Eugene Tyner,                                )
)
                    Plaintiff,                      )
)                    **COMPLAINT**
vs.                                                 )              **(Jury Trial Demanded)**
)
)
Greenville County; Officer Jim                      )
Leathers in his individual capacity and             )
in his capacity as a Greenville County              )
Sheriff's Deputy; Officer David Autrey in           )
his individual capacity and in his capacity         )
as a Greenville County Sheriff's Deputy;            )
and The Greenville County Sheriff's                 )
Department.                                         )

                    Defendants.

Plaintiff, complaining of Defendants, respectfully shows unto the Court as follows:

<u>**PARTIES**</u>

1.    Plaintiff, Johnny Eugene Tyner ("Tyner") is the owner of a mixed breed canine named "Ollie."

2.    Defendant, County of Greenville ("County" or "Greenville"), is a municipal body and a political subdivision of the State of South Carolina.

3.    Defendant, Greenville County Sheriff's Department (The "Department"), is governmental entity of the State of South Carolina.

4.    Defendant Jim Leathers ("Leathers") was, and upon information and belief, currently is a deputy with The Department.

ELECTRONICALLY FILED - 2017 Oct 09 11:00 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

5.  Defendant David Autrey ("Autrey") was, and upon information and belief, currently is a deputy with The Department.

6.  Defendants Greenville County, Officer Jim Leathers in his individual capacity and Officer David Autrey in his individual capacity are "persons" subject to suit within the meaning of 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

7.  Plaintiff is a citizen and resident of Taylors, South Carolina in the County of Greenville.

8.  The County is a municipal corporation organized under the laws of the State of South Carolina with its office, agents, and employees in Greenville, South Carolina in the county of Greenville.

9.  The Department is a governmental entity organized under the laws of the State of South Carolina with its office, agents, and employees in Greenville, South Carolina in the County of Greenville.

10. Leathers is currently, and was at all times relevant to this action, a Sheriff's Deputy with the Greenville County Sheriff's Department.

11. Autrey is currently, and was at all times relevant to this action, a Sheriff's Deputy with the Greenville County Sheriff's Department.

12. Portions of this civil action under 42 U.S.C. § 1983 seek damages against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States.

13. Portions of this case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988, as amended.

14. Based upon the facts above, this matter is properly before this Court as to the Defendants.

ELECTRONICALLY FILED - 2017 Oct 09 11:00 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

## FACTS

15.   Plaintiff is the owner of a six (6) year old pitbull-mix named Ollie.

16.   Plaintiff and Ollie have been going to the family farm located on Lynn Road, in Taylors, SC, and tending to the animals daily for nearly six (6) years.  On or about October 23, 2016, at approximately six (6) o'clock p.m., Plaintiff and his off-leash companion were lawfully present on Plaintiff's privately owned property to do just that.

17.   It is clear based on the condition of the property, as well as the real and personal property belonging to Plaintiff located thereon, that the premises is habitable and not abandoned.

18.   Located on the property on the day in question were a number of farm animals behind a fenced-in enclosure; Plaintiff's permanently affixed mobile home; and the 1994 G20 Chevy van that was being driven by Plaintiff.

19.   Shortly after arriving to the property to feed the family farm animals, Plaintiff noticed what appeared to be a Department helicopter circling overhead. Out of an abundance of caution, Plaintiff called the Department's dispatch in inquire further, and to ensure that he nor Ollie were in any danger.

20.   Plaintiff began the conversation by providing the dispatcher with his current location and gave a fairly detailed account of what he was witnessing. The Department dispatcher instructed Plaintiff not to be alarmed as the Department was utilizing the helicopter to follow-up on a missing person report. No other information was provided to Plaintiff. Perhaps more importantly, the dispatcher made no reference to any officer(s) on foot in his general vicinity that would have caused Plaintiff to be on the lookout for the same.

21.   Approximately ten (10) minutes later, three Department deputies - which have since been identified as Officers Jim Leathers, David Autrey, and Cody Tiedeman - made their way onto Plaintiff's privately owned property in search of a young female subject, a fact that didn't

ELECTRONICALLY FILED - 2017 Oct 09 11:00 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

become known to Plaintiff until some-time later. Of the three deputies that were present on Plaintiff's property, one officer, officer Leathers, was handling a seventy-five-pound K-9 named "Josie".

22. The three officers, including Officer Leathers, made their way onto Plaintiff's property via entry from Lakeside Motocross Track, located to the Southeast of Plaintiff's property (See attached Exhibit "A").

23. The first of the three officers, Officer Autrey, made his way around the mobile home, where Plaintiff's vehicle was located - located on the South side of the property - and down the driveway in Plaintiff's direction. At this time, Plaintiff noticed there were three officers present on his property, however, he was not alarmed due to his recent communication with the Department dispatcher.

24. With Plaintiff and Ollie in clear view, Officer Autrey made his way towards Plaintiff and Ollie and inquired as to whether Plaintiff knew why he was on the property. Plaintiff answered in the affirmative, stating he had spoken with dispatch and was made aware they may be a missing person in the area.

25. During the entirety of the conversation, which lasted approximately three (3) to five (5) minutes, Ollie was within feet of Plaintiff and Officer Autrey and showed absolutely no signs of aggression.

26. While Officer Autrey was engaged in a conversation with Plaintiff, Officer Leathers remained in the same location from the moment of his entry onto Plaintiff's property. Due to the layout of premises, Officer Leathers was clearly able to observe the presence of Officer Autrey, PLaintiff and Ollie. More importantly, Officer Leathers was well aware of the fact that Ollie was off-leash and that he was on private property.

ELECTRONICALLY FILED - 2017 Oct 09 11:00 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

27. By the time Officer Autrey began to make his way towards Plaintiff and Ollie, it was clear the situation was under control and the services of his K-9 were no longer needed in that location. However, rather than removing himself and his K-9 from the premises, with the knowledge that there was a off-leash pet in the vicinity, Officer Leathers held his position.

28. Approximately, three (3) to five (5) minutes into the conversation between Plaintiff and Officer Autrey,, Ollie noticed Officer Tiedeman who had began to make his way towards Plaintiff and Ollie.

29. Ollie began to make his way away from Plaintiff and towards Officer Tiedeman, at which time Officer Autrey asked Plaintiff to to restrain Ollie, however, Ollie was already beyond arm's length of Plaintiff. Ollie bypassed Officer Tiedemann, who, via his own admission, stated Ollie was not behaving aggressively and made his way towards Officer Leathers, and his K-9.

30. As Ollie made his way towards officer Leathers, Plaintiff very audibly notified Officer Leathers that Ollie was extremely friendly and would not bite or become aggressive towards him or his K-9.

31. Ollie made contact with Officer Leathers, while still on Plaintiff's property, and proceeded to sniff the officer, once more, in a completely non-threatening manner. As Ollie made his way around Officer Leathers and towards Josie, Officer Autrey, who was watching the events unfold, very loudly yelled in Officer Leather's direction, "he's going to shoot." Immediately thereafter, Officer Leathers un-holstered his pistol and fired a single shot through the head of Plaintiff's pet.

32. Ollie immediately dropped to the ground. Mustering all the strength he could, Ollie attempted to flee in an attempt to reach Plaintiff before collapsing on the driveway approximately ten (10) seconds later.

ELECTRONICALLY FILED - 2017 Oct 09 11:00 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

33. Once it was apparent that Ollie was no longer mobile, Officer Leathers and his K-9 exited the property after approximately fifteen (15) to twenty (20) minutes.

34. Plaintiff was in clear view of the entire event and was quite obviously distraught, as he had just witnessed his companion get unjustifiably shot through the head by Officer Leathers.

35. While Ollie laid on the ground only feet away from Plaintiff, bleeding through his head as a result of the gunshot wound, Officer Autrey prevented Plaintiff from attempting to render aid to his pet for nearly twenty (20) minutes. During this twenty (20) minute period, no officer attempted to collect any information from Plaintiff in what could only be viewed as an attempt to allow the dog to perish.

36. After approximately twenty (20) minutes, and upon realizing the dog continued to fight for his life, Plaintiff was finally allowed to make his way toward Ollie. However, once more, in an attempt to allow the dog to perish, Officer Tiedeman then began collecting the personal information of Plaintiff, which lasted another fifteen (15) to twenty (20) minutes. After nearly thirty-five (35) minutes of watching his companion writhe in agony, Plaintiff was finally allowed to rush him to a local veterinary clinic for immediate, life saving treatment.

37. Defendants' actions we willful and without regard to the protected rights of Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION**
**42 U.S.C. § 1983**

38. Paragraphs one through thirty-seven are incorporated by reference herein.

39. As a citizen of the United States, Plaintiff shall be protected from deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

40. The Fourth Amendment to the United States Constitution provides the right of the people to be secure in their persons, houses, papers, and effects, and prevents unreasonable searches and seizures of the same.

41.   On October 23, 2016, three warrantless Department deputies entered onto the privately-owned property of Plaintiff in search of reported missing person, ultimately resulting in an unreasonable constitutional taking in clear violation of Plaintiff's Fourth Amendment rights.

42.   Defendants, individually, deprived Plaintiff of his rights secured by the Constitution and the laws of the United States and the State of South Carolina.

43.   At the time of the deputy's entry onto Plaintiff's property, located at 225 Lynn Rd., Taylors, SC 29687, Plaintiff was not the subject of any investigation, nor where his personal effects the subject of any validly executed warrant.

44.   Within moments of being on Plaintiff's property, the three Officers, and more specifically, K-9 handler Jim Leathers, were made aware of Plaintiff's presence on the property. Officer Leathers was also admittedly aware of the presence of Plaintiff's off-leash companion Ollie.

45.   Rather than removing himself from the premises at the time Ollie's presence was detected, Officer Leathers allowed his K-9 to remain present on Plaintiff's privately-owned property which ultimately resulted in the horrific shooting of an innocent pet, in eye-shot of his owner.

46.   Defendants have adopted as a policy, custom, and practice this type of behavior.

47.   The County's policies, as implemented by Defendant Leathers and Autrey, were the driving force behind the deprivation of Plaintiff's rights and Defendants acted with deliberate indifference to those rights.

**FOR A SECOND CAUSE OF ACTION**
**Gross Negligence**

48.   Paragraphs one through forty-seven are incorporated by reference herein.

49.   Defendants Leathers and Autrey's indifference to the consequences of their conduct as to not give slight care to what they were doing, rises to the level of gross negligence.

ELECTRONICALLY FILED - 2017 Oct 09 11:00 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

ELECTRONICALLY FILED - 2017 Oct 09 11:00 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

50.   The facts and circumstances surrounding the wrongful shooting of Plaintiff's companion, as detailed more fully above, makes clear that Officers Leathers and Autrey showed complete indifference to the consequences of their actions, from Officer Leathers remaining on private property with his K-9 despite being fully aware that his services were not needed and ultimately shooting a non-aggressive animal; to Officer Leathers and Autrey forcing Plaintiff to watch as his pet writhed in agony for nearly thirty-five (35) minutes before allowing his to seek emergency medical attention.

### FOR A THIRD CAUSE OF ACTION
Intentional Infliction of Emotional Distress

51.   Paragraphs one through fifty are incorporated herein by reference.

52.   Officers Autrey and Leathers, acting in tandem, recklessly inflicted severe emotional distress upon Plaintiff via the unjustified shooting of Plaintiff's family pet, and their conduct immediately following said shooting.

53.   On October 23, 2016 Officer Leathers entered onto the privately owned property of Plaintiff with his K-9 Josie. After making his way to two officers, in clear view of Officer Leathers, Ollie made his way towards Officer Leathers in a non-aggressive manner.. As Ollie approached Officer Leathers, Officer Autrey, in almost an instructive tone, very audibly yelled "He's going to shoot" at which time Officer Leathers shot Plaintiff's companion at point-blank range in the head, in direct eye-shot of Plaintiff.

54.   Over the next thirty-five (35) minutes, Plaintiff was forced to watch as his companion lie writhing in pain, bleeding from his head, helpless to provide any assistance, for no other reason than it being Officer Autrey's hope that the dog perish.

55.   Officer Leathers' unjustifiable act of shooting Plaintiff's companion in the head, and Officer Autrey's act of forcing Plaintiff to watch as his dog lie dying before his eyes for nearly thirty-five (35) minutes rises to the level of such extreme and outrageous so as to exceed all

ELECTRONICALLY FILED - 2017 Oct 09 11:00 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

## FOR A FOURTH CAUSE OF ACTION
### Trespass to Chattel

56.    Paragraphs one through fifty-five are incorporated by reference herein.

57.    Acting is his official capacity, Officer Leathers' conduct caused significant harm to Plaintiff's companion, in which Plaintiff has a legally protected interest.

58.    Officer Leathers' act of unjustifiably shooting Plaintiff's pet constituted an unlawful infringement on Plaintiff's ownership interest from which Plaintiff suffered economic and noneconomic harm.

## FOR A FIFTH CAUSE OF ACTION
### Conversion

59.    Paragraphs one through fifty-eight are incorporated by reference herein.

60.    Acting in his official capacity, Officer Leathers' conduct rose to the level of an authorized exercise of dominion and control over Plaintiff's right to ownership over Ollie.

61.    This act constituted an alteration of the condition or the exclusion or Plaintiff's rights from which Plaintiff suffered both economic and noneconomic harm.

WHEREFORE, Plaintiff prays for judgement against Defendant in the following particulars, to wit:

    (a) For actual, compensatory, and consequential damages;

    (b) Punitive Damages;

    (c) Attorney's fees and costs;

    (d) Prejudgment and postjudgment interest;

    (e) All other relief necessary to redress the acts complained of herein.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues herein to which the right to a trial by jury

is afforded.

Respectfully Submitted this
_____ day of September, 2017

**TRULUCK THOMASON, LLC**

s/Devon M. Puriefoy
Devon Puriefoy
Bar No.:102097
Truluck Thomason, LLC
1011 E. Washington Street
Greenville, SC 29601
Phone and Fax: (864) 331-1751
devon@truluckthomason.com

*Attorney for Plaintiff*

ELECTRONICALLY FILED - 2017 Oct 09 11:00 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

ELECTRONICALLY FILED - 2017 Nov 08 4:11 PM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

STATE OF SOUTH CAROLINA      )          IN THE PROBATE COURT
COUNTY OF LAURENS            )
                            )
Johnny Eugene Tyner          )
          Plaintiff,         )
                            )
                            )      **CERTIFICATE OF SERVICE**
v.                           )
                            )
Greenville County; Officer Jim   )
Leathers in his individual capacity and   )
in his capacity as a Greenville County   )
Sheriff's Deputy; Officer David Autrey in   )
his individual capacity and in his capacity   )
as a Greenville County Sheriff's Deputy;   )
and The Greenville County Sheriff's   )
Department                   )
                            )
          Defendant.         )
                            )
_____)

**TO THE DEFENDANT ABOVE NAMED:**

   I, Jessie Carroll, certify on this date October 11, 2017, I served a copy of the Plaintiffs'
e-filed **Summons and Complaint**, dated October 9, 2017 on counsel for Defendants, by mailing
it to his last known address, by depositing it in the U.S. Mail, return receipt requested, with
sufficient postage affixed, addressed as follows:

The Office of the County Attorney
Attn: Mark W. Tollison
301 University Ridge Suite 2400
Greenville County Square
Greenville, SC 29601

                              Respectfully submitted,

                              Jessie Carroll
                              Assistant to Devon Puriefoy

ELECTRONICALLY FILED - 2017 Nov 08 4:11 PM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Chapman_  ☑ Agent  ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery  10/13/17 |
| 1. Article Addressed to:<br><br>The Office of the<br>County Attorney<br>301 University Ridge<br>Ste. 2400<br>Greenville, SC 29601 | D. Is delivery address different from Item 1?  ☐ Yes<br>If YES, enter delivery address below:   ☐ No |

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 3404 7227 1515 54

| 3. Service Type | |
|---|---|
| ☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ ...on Delivery Restricted Delivery<br>☐ ...Mail<br>☐ ...Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |

2. Article Number *(Transfer from service label)*
7017 2400 0000 8479 6294

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

ELECTRONICALLY FILED - 2017 Nov 08 4:11 PM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

**USPS TRACKING #**





First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 3404 7227 1515 54

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

The Law Offices of
Truluck Thomason, LLC
1011 E Washington Street
Greenville, SC 29601

# Certificate of Electronic Notification

| Recipients |
| --- |
| **Devon Puriefoy** - Notification transmitted on 11-08-2017 04:15:53 PM. |

ELECTRONICALLY FILED - 2017 Nov 08 4:43 PM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2017CP2306339

**Official File Stamp:**          11-08-2017 04:11:05 PM

**Court:**                        CIRCUIT COURT

                                  Common Pleas

                                  Greenville

**Case Caption:**                 Johnny Eugene Tyner vs. Greenville County ,
                                  defendant, et al

**Document(s) Submitted:**        Service/Certificate Of Service Certified Mail

**Filed by or on behalf of:**     Devon Marc Puriefoy

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

                                  Devon Marc Puriefoy for Johnny Eugene Tyner

**The following people have not been served electronically by the Court. Therefore, they must
be served by traditional means:**

                                  Jim Leathers

                                  David Autrey

                                  Sheriffs Department Greenville County

                                  Greenville County

ELECTRONICALLY FILED - 2017 Nov 08 4:43 PM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

ELECTRONICALLY FILED - 2017 Nov 09 10:36 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

STATE OF SOUTH CAROLINA                    IN THE COURT OF COMMON PLEAS
COUNTY OF GREENVILLE                       FOR THE THIRTEENTH JUDICIAL CIRCUIT

Johnny Eugene Tyner                    )
          Plaintiff,                   )
                                       )              **AMENDED**
v.                                     )         **CERTIFICATE OF SERVICE**
                                       )
Greenville County; Officer Jim         )
Leathers in his individual capacity and )
in his capacity as a Greenville County )
Sheriff's Deputy; Officer David Autrey in )
his individual capacity and in his capacity )
as a Greenville County Sheriff's Deputy; )
and The Greenville County Sheriff's    )
Department                             )
                                       )
          Defendant.                   )
_____)

**TO THE DEFENDANT ABOVE NAMED:**

    I, Jessie Carroll, certify on this date October 11, 2017, I served a copy of the Plaintiffs'
e-filed **Summons and Complaint,** dated October 9, 2017 on counsel for Defendants, by mailing
it to his last known address, by depositing it in the U.S. Mail, return receipt requested, with
sufficient postage affixed, addressed as follows:

The Office of the County Attorney
Attn: Mark W. Tollison
301 University Ridge Suite 2400
Greenville County Square
Greenville, SC 29601

                             Respectfully submitted,

                             Jessie Carroll
                             Assistant to Devon Puriefoy

ELECTRONICALLY FILED - 2017 Nov 09 10:36 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

SWORN TO before this _9_
Day of _November_, 2017

_Malinda Alexander_ (SEAL)
Notary Public for South Carolina
My Commission expires: 6|3|2024

**MALINDA ALEXANDER**
Notary Public, State of South Carolina
My Commission Expires 6/3/2024

ELECTRONICALLY FILED - 2017 Nov 09 10:36 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Office of the
County Attorney
301 University Ridge
Ste. 2400
Greenville, SC 29601

9590 9402 3404 7227 1515 54

2. Article Number *(Transfer from service label)*

7017 2400 0000 8479 6294

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ___ C Chapman    ☑ Agent  ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
10/13/17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

ELECTRONICALLY FILED - 2017 Nov 09 10:36 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

USPS TRACKING #





First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 3404 7227 1515 54

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

The Law Offices of
Truluck Thomason, LLC
1011 E Washington Street
Greenville, SC 29601

ELECTRONICALLY FILED - 2017 Nov 09 11:07 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

## Certificate of Electronic Notification

### Recipients

**Devon Puriefoy**  - Notification transmitted on 11-09-2017 10:36:58 AM.

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2017CP2306339

**Official File Stamp:**                    11-09-2017 10:36:47 AM

**Court:**                             CIRCUIT COURT

Common Pleas

Greenville

**Case Caption:**                  Johnny Eugene Tyner vs. Greenville County , defendant, et al

**Document(s) Submitted:**     Service/Certificate Of Service Certified Mail

**Filed by or on behalf of:**       Devon Marc Puriefoy

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Devon Marc Puriefoy for Johnny Eugene Tyner

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Jim Leathers

David Autrey

Sheriffs Department Greenville County

Greenville County

ELECTRONICALLY FILED - 2017 Nov 09 11:07 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

## Certificate of Electronic Notification

### Recipients

**Devon Puriefoy**  - Notification transmitted on 11-09-2017 10:38:38 AM.

ELECTRONICALLY FILED - 2017 Nov 09 11:08 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:**  2017CP2306339

**Official File Stamp:**                    11-09-2017 10:38:23 AM

**Court:**                                   CIRCUIT COURT

                                            Common Pleas

                                            Greenville

**Case Caption:**                            Johnny Eugene Tyner vs. Greenville County ,
                                            defendant, et al

**Document(s) Submitted:**                   Service/Certificate Of Service Certified Mail

**Filed by or on behalf of:**                Devon Marc Puriefoy

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

                                            Devon Marc Puriefoy for Johnny Eugene Tyner

**The following people have not been served electronically by the Court. Therefore, they must
be served by traditional means:**

                                            Jim Leathers

                                            David Autrey

                                            Sheriffs Department Greenville County

                                            Greenville County

ELECTRONICALLY FILED - 2017 Nov 09 11:08 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2306339